PEOPLE v GARDNER

Docket No. 58924. Argued January 10, 1979 (Calendar No. 10).—
Decided June 25, 1979. Rehearing denied 407 Mich 1150. Cer-
tiorari denied by the Supreme Court of the United States
February 19, 1980.

Linzie Gardner, an inmate of the State Prison of Southern
Michigan, was convicted by a jury in Jackson Circuit Court,
Gordon W. Britten, J., of assault with intent to commit murder
for an attack on an officer of the Department of Corrections.
His codefendant, Michael Kidder, who was also an inmate of
the prison, was convicted of assault with intent to do great
bodily harm less than murder. The defendants were repre-
sented at trial by the same attorney, and both admitted partici-
pation in the assault, but argued that they had not intended to
murder the prison officer, who found them in an area of the
prison where they should not have been. The defendants'
attorney objected to admitting into evidence a statement made
by defendant Gardner, which at least implied that he would
take the blame for the assault, on the ground that the state-
ment would harm his codefendant Kidder. Defense counsel also
argued to the jury that defendant Kidder was relatively less
culpable than Gardner and urged the jury to find Kidder guilty
of nothing greater than felonious assault. The Court of Appeals,
M. J. Kelly, P.J., and Bronson and Beasley, JJ., granted the
people's motion to affirm (Docket No. 24792). Defendant Gard-
ner appeals on the ground that he was denied the effective
assistance of counsel by the joint representation. *Held:*

1. Under the circumstances of this case, the joint representa-
tion at trial deprived defendant Gardner of the effective assist-
ance of counsel. While the defenses of the two defendants were
not necessarily inconsistent, it should have been apparent to
defense counsel at the very outset of this case that the testi-
mony to be given would portray notably less culpability of
defendant Kidder and greater culpability of defendant Gardner.
Kidder admitted striking the first blow when the prison officer
was assaulted but the defendants testified that it was a rela-
tively light blow. Defendant Gardner, however, admitted hit-
ting the officer over the head with a board about four times and
then hitting him with a crowbar. Furthermore, defense counsel
objected to the admission into evidence of a statement by

defendant Gardner which, at least by inference, would cast Gardner in a more favorable light on the ground that its admission into evidence would harm defense counsel's other client, Kidder. The trial judge recognized the potential for a conflict of interest, and the matter was resolved when the prosecutor withdrew his request to admit the statement into evidence. In addition the argument which defense counsel made to the jury showed that he felt compelled to distinguish between the relative culpability of his two clients. Therefore, defendant Gardner's conviction is reversed and the case is remanded for a new trial.

2. The Court also concluded that a procedure should be promulgated to protect the rights to the effective assistance of counsel of codefendants represented by the same attorney. Therefore, the Court will publish for comment a proposed amendment to the General Court Rules concerning potential conflict of interest caused by joint representation at trial of ·codefendants by one attorney.

Reversed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *F. Martin Tieber* and *Gail Meyer)* for defendant.

PER CURIAM. We granted leave to appeal to consider whether the defendant Linzie Gardner was denied his right to effective assistance of counsel because of the joint representation in this case. We conclude that he was.

I

Linzie Gardner and Michael Kidder were charged with assault with intent to commit murder in an attack made by them on a prison guard while they were incarcerated in State Prison of Southern Michigan. At trial, both were repre-

sented by the same attorney. Gardner was convicted of assault with intent to commit murder and was sentenced to a term of 50 to 75 years, to be served consecutively to the sentence he was serving at the time of the commission of the offense. Kidder was convicted of assault with intent to do great bodily harm less than murder and was sentenced to a term of 5 to 10 years in prison, to run concurrently with the term he was serving at the time of the commission of the offense.

Gardner appealed to the Court of Appeals. The prosecutor filed a motion to affirm. By order dated June 7, 1976, the Court of Appeals granted the prosecution's motion.

## II

At trial, both Gardner and Kidder admitted that each committed an assault on the prison guard. The prison guard who was assaulted testified that the first blow which was struck was an "awful hard blow, terrible blow". Kidder admitted striking the first blow. Kidder's testimony, however, was that the blow which he struck was not very hard. Gardner corroborated Kidder's version; he likened the blow which Kidder struck to a "baby tap". Gardner admitted hitting the prison guard over the head with a board about four times and subsequently striking the prison guard with a crowbar. Both Gardner and Kidder, while admitting their participation in the assault, contended that neither intended to murder the guard who had discovered them in an area of the prison where they were not supposed to be.

While the defenses of Gardner and Kidder were not necessarily inconsistent, it should have been apparent to defense counsel at the very outset of this case that the testimony would portray differ-

ing degrees of culpability, most notably less culpability on the part of Kidder and greater culpability on the part of Gardner. Furthermore, the record reveals that at some time after the commission of the offense, Gardner made a statement to the police in which he, *inter alia,* at least implied that he was willing to take the blame for the crime in an effort to aid Kidder. When the prosecutor attempted to impeach Gardner at trial by virtue of this statement, defense counsel objected on the basis that the statement would prove harmful to Kidder. Thus we have a situation in which the attorney objected to the admission of a statement which, at least inferentially, would cast Gardner in a more favorable light on the basis that to admit the statement would harm counsel's other client, Kidder. The trial judge recognized the potential for conflict, but the matter ended when the prosecutor said that he would not use the statement.

In addition, the closing argument of defense counsel indicates that he emphasized the limited role of Kidder in the assault and indeed urged the jury to find Kidder guilty of nothing greater than felonious assault. On the other hand, in closing argument, defense counsel felt compelled to indicate to the jury:

"* * * and that is my duty again as counsel to point out to you that if either one of these men, and we are talking primarily about Linzie Gardner, if Linzie Gardner had wanted to kill Officer Schultz—number 1, he would have gone back to see whether he was living, and number 2—if he had gone back and wanted to kill him and found that he was breathing, he would have 'finished him off' in the word of Mr. Grant."

Thus, a single defense attorney, representing both

the defendant and his codefendant, felt it necessary to draw a line of demarcation as to the relative culpability of his two clients. We conclude that under the circumstances of this case, joint representation deprived Gardner of the effective assistance of counsel. *People v Bentley,* 402 Mich 121; 261 NW2d 716 (1978). Accordingly, we reverse the defendant's conviction and remand for a new trial.

In addition, we have concluded that the time has come for the promulgation by this Court of a procedure whereby the rights of defendants to the effective assistance of counsel in a joint representation situation are protected. Accordingly, a proposed amendment to GCR 1963, 785 will be published for comment under GCR 1963, 933.

Reversed and remanded for new trial.

Coleman, C.J., and Kavanagh, Williams, Levin, Fitzgerald, Ryan, and Blair Moody, Jr., JJ., concurred.