PEOPLE v KIRK

Docket No. 56864. Submitted December 8, 1981, at Lansing.—Decided
    September 21, 1982.

Defendant, Robert A. Kirk, and codefendant, Clarence Walker,
    were charged with breaking and entering an unoccupied struc-
    ture with intent to commit larceny in a complaint and warrant
    dated October 14, 1980. The same complaint and warrant
    charged defendant Kirk separately with possession of metallic
    knuckles. By an order dated October 14, 1980, the same counsel
    was appointed to represent both defendants. On October 21,
    1980, both defendants waived preliminary examination and
    were bound over to the Jackson Circuit Court. Supplemental
    informations were filed on October 27, 1980, charging defen-
    dant Kirk as a second-felony offender and codefendant Walker
    as a third-felony offender. On January 28, 1981, defendant pled
    guilty to breaking and entering an unoccupied structure with
    intent to commit larceny in return for the prosecutor's agree-
    ment to dismiss the habitual offender and possession of metallic
    knuckles charges and was convicted on his plea, James G.
    Fleming, J. Defendant appealed, alleging as error the court's
    failure to follow the procedure required in GCR 1963, 785.4(4),
    effective November 21, 1980, in cases where multiple defen-
    dants are represented by the same attorney. *Held:*

    Failure to comply with the court rule governing the proce-
    dure to be followed in cases where multiple defendants are
    represented by the same counsel does not require reversal
    absent a showing of a conflict of interest actually affecting the
    adequacy of representation.

    M. F. CAVANAGH and D. E. HOLBROOK, JR., JJ., concurred in
    affirming this case but pointed out that they were not prepared
    to state that noncompliance with the rule will not require
    reversal in the future.

    Affirmed.

REFERENCES FOR POINTS IN HEADNOTE

5 Am Jur 2d, Appeal and Error § 778.
21A Am Jur 2d, Criminal Law §§ 755, 980.
Modern status of rules and standards in state courts as to adequacy
    of defense counsel's representation of criminal client. 2 ALR4th
    27.

Criminal Law — Adequacy of Counsel — Conflict of Interest — Multiple Defendants — Court Rules.
  Failure to comply with the court rule governing the procedure to be followed in cases where multiple defendants are represented by the same counsel does not require reversal absent a showing of a conflict of interest actually affecting the adequacy of representation (GCR 1963, 785.4[4]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Chief Appellate Attorney, for the people.

*Law Offices of Robert J. Black* (by *George W. Finley),* for defendant on appeal.

Before: MacKenzie, P.J., and M. F. Cavanagh and D. E. Holbrook, Jr., JJ.

MacKenzie, P.J. Defendant and codefendant Clarence Walker were charged with breaking and entering an unoccupied structure with intent to commit larceny, MCL 750.110; MSA 28.305, in a complaint and warrant dated October 14, 1980. The same complaint and warrant charged defendant separately with possession of metallic knuckles, MCL 750.224; MSA 28.421. By an order dated October 14, 1980, the same counsel was appointed to represent both defendants. On October 21, 1980, both defendants waived preliminary examination and were bound over to circuit court. Supplemental informations were filed on October 27, 1980, charging defendant as a second-felony offender, MCL 769.10; MSA 28.1082, and codefendant Walker as a third-felony offender, MCL 769.11; MSA 28.1083.

On January 28, 1981, defendant pled guilty to breaking and entering an unoccupied structure

with intent to commit larceny in return for the prosecutor's agreement to dismiss the habitual offender and possession of metallic knuckles charges. At the same proceeding, codefendant Walker also pled guilty to breaking and entering an unoccupied structure with intent to commit larceny in return for the prosecutor's agreement to dismiss the habitual offender charge. On March 5, 1981, defendant was sentenced to imprisonment for from two years and three months to ten years. Codefendant Walker received an identical sentence. Defendant appeals by right.

The only issue raised by defendant on appeal concerns his representation by the same counsel that represented codefendant Walker. In *Cuyler v Sullivan,* 446 US 335, 348-350; 100 S Ct 1708; 64 L Ed 2d 333 (1980), the Court said:

"In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance.

\* \* \*

"[A] defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief. \* \* \* But until a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance."

Defendant made no objection in the course of the proceedings below and on appeal points to no conflict of interest actually affecting the adequacy of his representation. Our examination of the record discloses no such conflict or effect. Instead, defendant relies upon the failure of the circuit judge to comply with GCR 1963, 785.4(4). That

rule, adopted November 18, 1980, effective November 21, 1980, stated:

"(4) Whenever two or more defendants who have been jointly charged or whose cases have been consolidated are represented by the same lawyer, the court shall inquire into any potential conflict which might jeopardize the right of each defendant to the fidelity of his or her lawyer. The same lawyer may not represent two or more defendants unless

"(a) the lawyer proposing to represent two or more defendants states, on the record before trial, that joint representation will in all probability not cause a conflict of interest and states the reasons for the conclusion; and

"(b) the defendants state, on the record, after the court's inquiry and the lawyer's statement, that it is their desire to proceed with the same lawyer; and

"(c) the court finds, on the record, that joint representation will in all probability not cause a conflict of interest and states the reasons for the finding.

"If an unanticipated conflict occurs during trial, a lawyer who is representing two or more defendants shall immediately inform the court; if the court agrees that a conflict has arisen, it shall appoint an additional lawyer or lawyers or afford one or more of the defendants the opportunity to retain separate counsel, as the case may require. The court may, on its own motion, inquire into any potential conflict which becomes apparent during trial, and the court may take such action as the interests of justice require."

Here, no attempt was made to comply with the rule. The rule took effect after defendant was bound over to circuit court on the charges at issue here but before defendant pled guilty. The court's obligation under the rule is not tied to any particular stage of the proceedings and the prosecution concedes that the rule could and should have been complied with. The circuit court's failure to comply with the rule, however, did not, of itself,

violate defendant's right to counsel. See *Cuyler,
supra,* 346-347:

"[N]othing in our precedents suggests that the Sixth
Amendment requires state courts themselves to initiate
inquiries into the propriety of multiple representation
in every case. Defense counsel have an ethical obliga-
tion to avoid conflicting representations and to advise
the court promptly when a conflict of interest arises
during the course of trial. Absent special circumstances,
therefore, trial courts may assume either that multiple
representation entails no conflict or that the lawyer and
his clients knowingly accept such risk of conflict as may
exist. Indeed, as the Court noted in *Holloway [v Arkan-
sas,* 435 US 475, 485-486; 98 S Ct 1173; 55 L Ed 2d 426
(1978)], trial courts necessarily rely in large measure
upon the good faith and good judgment of defense
counsel. 'An "attorney representing two defendants in a
criminal matter is in the best position professionally
and ethically to determine when a conflict of interest
exists or will probably develop in the course of a trial.' "
435 US at 485, quoting *State v Davis,* 110 Ariz 29, 31;
514 P2d 1025, 1027 (1973). Unless the trial court knows
or reasonably should know that a particular conflict
exists, the court need not initiate an inquiry." (Foot-
notes omitted.)

This case, therefore, presents us with a question
of first impression: whether failure to comply with
GCR 1963, 785.4(4) requires reversal where defen-
dant's right to counsel was not shown to have been
infringed. We hold that it does not.

The stated purpose of the rule was to protect the
rights of defendants to the effective assistance of
counsel in a joint representation situation. *People
v Gardner,* 406 Mich 369, 373; 279 NW2d 785
(1979). Effectuation of that purpose does not neces-
sarily require reversal in a case in which there
was no showing of a conflict of interest actually
affecting the adequacy of representation. The rule

does not expressly state that failure to comply is reversible error. Reversal is not always required for violations of similar rules. See, for example, *Guilty Plea Cases,* 395 Mich 96, 113; 235 NW2d 132 (1975), in which the Court held that whether a particular departure from GCR 1963, 785.7 requires reversal depends on the nature of the noncompliance. The rule is not rendered a nullity if reversal is not required for noncompliance; the rule may still be enforced through writs of superintending control. *People v Winegar,* 380 Mich 719, 731; 158 NW2d 395 (1968). We note that in the pre-*Cuyler* case of *United States v Foster,* 469 F2d 1, 5 (CA 1, 1972), the circuit court exercised its supervisory powers to require trial courts to inquire into the propriety of multiple representation but declined to adopt a rule of automatic reversal.

In view of the foregoing, we cannot say that GCR 1963, 785.4(4) expresses an intent of our Supreme Court to require reversal for noncompliance with the rule absent a showing of conflict of interest actually affecting the adequacy of representation.

Affirmed.

M. F. Cavanagh, J. *(concurring).* We agree with Judge MacKenzie's affirmance of the defendant's conviction. As this defendant pled guilty pursuant to plea negotiations, received the bargained-for consideration, admits the plea to have been voluntary and understanding, and admits that no conflict of interest arose by virtue of his counsel's representation of a codefendant, we are persuaded no manifest injustice occurred by the trial court's failure to comply with GCR 1963, 785.4(4). We also note that this court rule was adopted subsequent to the appointment of counsel but prior to the

tender of the plea in this case. We concur separately, however, because we are not prepared to state that noncompliance with this rule will not mandate reversal in the future.

D. E. HOLBROOK, JR., J., concurs.