PEOPLE v GAMBLE

Docket No. 61202. Submitted December 20, 1982, at Detroit.—Decided
    April 5, 1983. Leave to appeal denied, 417 Mich 1081.

Defendant, Bobby L. Gamble, and his codefendant were convicted
    in a bench trial in the Detroit Recorder's Court of armed
    robbery. The trial court, Clarice Jobes, J., sentenced defendant
    to a term of from 5 to 15 years in prison. Defendant appeals
    alleging that he was denied effective assistance of counsel when
    both he and his codefendant were represented by the codefen-
    dant's counsel at the sentencing proceeding. *Held:*

1. The presence of substitute counsel at sentencing in the
    stead of a defendant's trial counsel does not violate the consti-
    tutional guarantees of effective assistance of counsel.

2. A conflict of interest is never presumed or implied where
    one attorney represents two defendants. However, if a defen-
    dant on appeal can show that an actual conflict of interest
    affected the adequacy of the representation he received, he has
    established a prima facie case of ineffective assistance of coun-
    sel.

3. Michigan has provided by court rule that whenever two or
    more defendants are represented by the same lawyer at the
    same proceeding the court shall inquire into any potential
    conflicts. The rule requires that joint representation not take
    place unless, on the record, counsel states that no conflict of
    interest will arise and gives the reasons for his belief, the
    defendants consent to the joint representation, and the court
    finds that in all probability a conflict will not arise and gives
    the reasons for its belief. The rule, GCR 1963, 785.4(4), is a rule
    of procedure to be followed by the courts, however, a violation
    of the rule, in itself, does not constitute reversible error or
    perfect a claim of ineffective assistance of counsel. Courts are
    not required to initiate inquiries into the propriety of multiple

REFERENCES FOR POINTS IN HEADNOTES

[1-5] 21A Am Jur 2d, Criminal Law §§ 975, 984, 985.

Modern status of rules and standards in state courts as to adequacy
    of defense counsel's representation of criminal defendant. 2
    ALR4th 27.

[3-5] 21A Am Jur 2d, Criminal Law § 980.

representation unless the court knows or reasonably should know that a conflict exists.

4. The record reveals effective representation of the defendant by the substitute counsel. No actual conflict of interest appears to have existed and defendant consented on the record to counsel's substitution. The sentence is affirmed.

5. Since defendant's trial counsel was not present at sentencing he must remit to the County of Wayne the fee he received in connection with defendant's sentencing proceeding.

Affirmed.

1. CRIMINAL LAW — CONSTITUTIONAL LAW — ASSISTANCE OF COUNSEL — SENTENCING.

The constitutional guarantees regarding the effective assistance of counsel apply to sentencing proceedings (US Const, Am VI; Const 1963, art 1, § 20).

2. CRIMINAL LAW — CONSTITUTIONAL LAW — ASSISTANCE OF COUNSEL — SUBSTITUTE COUNSEL — SENTENCING.

The constitutional guarantees regarding the effective assistance of counsel are not violated where substitute counsel represents a defendant at sentencing in the stead of defendant's trial counsel (US Const, Am VI; Const 1963, art 1, § 20).

3. CRIMINAL LAW — ATTORNEY AND CLIENT — ASSISTANCE OF COUNSEL — MULTIPLE REPRESENTATION — CONFLICTS OF INTEREST.

Multiple representation of two defendants by one attorney can lead to conflicts of interest great enough to deprive one or both of the defendants of effective assistance of counsel, however, such a conflict of interest is never presumed or implied; a prima facie case of ineffective assistance of counsel is established where a defendant on appeal shows that an actual conflict of interest affected the adequacy of the representation he received.

4. CRIMINAL LAW — ATTORNEY AND CLIENT — MULTIPLE REPRESENTATION — CONFLICTS OF INTEREST — COURT RULES.

A Michigan court rule provides that whenever two or more defendants are represented by the same lawyer at the same proceeding the court shall inquire into any potential conflicts; joint representation should not take place in such situations unless counsel states on the record that no conflict of interest will arise and the reasons for such belief, defendants consent to the joint representation, and the court finds that in all probability a conflict will not arise and states the reasons for its belief (GCR 1963, 785.4[4]).

5. Criminal Law — Criminal Procedure — Constitutional Law — Attorney and Client — Multiple Representation — Court Rules.

The court rule regarding joint representation by counsel in criminal proceedings is written in mandatory terms and, therefore, is to be followed by the trial courts; however, a violation of the guidelines in that rule of procedure does not perfect a claim of ineffective assistance of counsel or constitute reversible error; the Michigan Supreme Court has charted a desirable practice in its promulgation of the rule, however, the constitutional guarantees of effective assistance of counsel do not require courts to initiate inquiries into the propriety of multiple representation unless the court knows or reasonably should know that a particular conflict exists (US Const, Am VI; Const 1963, art 1, § 20; GCR 1963, 785.4[4]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Stuart B. Lev),* for defendant on appeal.

Before: V. J. Brennan, P.J., and M. J. Kelly and J. M. Graves,* JJ.

M. J. Kelly, J. Defendant and his codefendant were convicted in a bench trial of armed robbery, MCL 750.529; MSA 28.797. Defendant was sentenced to a term of from 5 to 15 years in prison. He appeals as of right.

I

Defendant's appeal centers on the fact that his trial counsel did not appear at sentencing. Rather, counsel for his codefendant represented both men

* Circuit judge, sitting on the Court of Appeals by assignment.

at the sentencing proceeding. On appeal, defendant asserts that this procedure violated his constitutional guarantees of effective assistance of counsel.

The constitutional guarantees of effective assistance of counsel, US Const, Am VI; Const 1963, art 1, § 20, apply to sentencing proceedings. *People v Dye,* 6 Mich App 217; 148 NW2d 501 (1967); *People v Johnson,* 386 Mich 305, 316-317; 192 NW2d 482 (1971). The presence of substitute counsel at sentencing in the stead of a defendant's trial counsel does not violate these guarantees. *People v Edwards,* 18 Mich App 526, 528-529; 171 NW2d 592 (1969).

Multiple representation of two defendants by one attorney can lead to conflicts of interest great enough to deprive one or both of the defendants of effective assistance of counsel. *Holloway v Arkansas,* 435 US 475; 98 S Ct 1173; 55 L Ed 2d 426 (1978). Such a conflict of interest is never presumed or implied. *Cuyler v Sullivan,* 446 US 335, 348; 100 S Ct 1708; 64 L Ed 2d 333 (1980). If a defendant on appeal can show, however, that an actual conflict of interest affected the adequacy of his representation, he has established a prima facie case of ineffective assistance of counsel. *Cuyler, supra,* 446 US 349-350.

In order to help obviate potential claims of ineffective assistance of counsel, Michigan provides by court rule, GCR 1963, 785.4(4), that whenever two or more defendants are represented by the same lawyer at the same proceeding, the court shall inquire into any potential conflicts.[1] The rule

---

[1] GCR 1963, 785.4(4) provides:

"Whenever two or more defendants who have been jointly charged or whose cases have been consolidated are represented by the same lawyer, the court shall inquire into any potential conflict which might jeopardize the right of each defendant to the fidelity of his or her

requires that joint representation not take place unless, on the record, counsel states that no conflict of interest will arise and the reasons for his belief, the defendants consent to the joint representation, and the court finds that in all probability a conflict will not arise and states its reasons for its belief. The court rule was not followed in this case. Defendant did state on the record, however, that he had no objection to the joint representation.

Although GCR 1963, 785.4(4) is written in mandatory terms and, therefore, is to be followed by trial courts, a violation of its guidelines does not perfect a claim of ineffective assistance of counsel. The constitutional guarantees of effective assistance of counsel do not require courts to initiate inquiries into the propriety of multiple representation unless the court knows or reasonably should know that a particular conflict exists. *Cuyler, supra,* 446 US 346-347. The Michigan Supreme Court, in an exercise of its supervisory power over state courts, has charted a desirable practice in its

lawyer. The same lawyer may not represent two or more defendants unless

"(a) the lawyer proposing to represent two or more defendants states, on the record before trial, that joint representation will in all probability not cause a conflict of interest and states the reasons for the conclusion; and

"(b) the defendants state, on the record, after the court's inquiry and the lawyer's statement, that it is their desire to proceed with the same lawyer; and

"(c) the court finds, on the record, that joint representation will in all probability not cause a conflict of interest and states the reasons for the finding.

"If an unanticipated conflict occurs during trial, a lawyer who is representing two or more defendants shall immediately inform the court; if the court agrees that a conflict has arisen, it shall appoint an additional lawyer or lawyers or afford one or more of the defendants the opportunity to retain separate counsel, as the case may require. The court may, on its own motion, inquire into any potential conflict which becomes apparent during trial, and the court may take such action as the interests of justice require."

promulgation of GCR 1963, 785.4(4). Unless the Supreme Court provides otherwise, however, we decline to hold that a violation of this rule of procedure, in itself, constitutes reversible error. Accord, *People v Kirk,* 119 Mich App 599; 326 NW2d 145 (1982) (MACKENZIE, J.).

We have carefully scrutinized the transcript of defendant's sentencing proceeding. The record reveals effective representation of defendant by his counsel at sentencing. No actual conflict of interest appears to have existed. In view of counsel's representation, the apparent lack of an actual conflict of interest, and defendant's on-the-record consent to substitution of counsel, we affirm defendant's sentence.

## II

Defendant's trial counsel was provided by the County of Wayne. Our review of the file in this case reveals that although defendant's trial counsel was not present at sentencing, he included defendant's sentencing proceeding in his sworn "description of services rendered" and charged the county for this service. Unless counsel chooses to seek a hearing in Detroit Recorder's Court on the propriety of this charge, he is herewith ordered to remit to the County of Wayne the fee he received in connection with defendant's sentencing proceeding.

Affirmed.