PEOPLE v SIMMONS

PEOPLE v HUMPHREY

Docket Nos. 66263, 66267. Submitted January 5, 1984, at Detroit.—
Decided April 11, 1984.

Lester Simmons and Carnell Humphrey were convicted in a joint
trial of voluntary manslaughter, Wayne Circuit Court, Harold
M. Ryan, J. In addition, defendant Simmons was convicted of
felony-firearm. Defendants appealed and the appeals were con-
solidated. *Held:*

1. Defendant Simmons's arrest was not rendered unlawful by
reason of his being told that he was arrested for "investigation
of murder", there being no such crime. The officer who made
the statement was not the arresting officer, the arresting officer
had probable cause to arrest Simmons based on Simmons's own
admission and told the defendants that they were being ar-
rested for assault with intent to commit murder, and the
terminology used in making an arrest is not determinative of
the validity of the arrest. Simmons's arrest was supported by
probable cause.

2. The trial court did not improperly consider defendant
Humphrey's prior misdemeanor conviction obtained without
the assistance of counsel when sentencing Humphrey.

3. There was sufficient evidence to support the charge of
second-degree murder, the offense with which the defendants
were charged, and to present the issue to the jury. The trial

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Arrest § 45.
[2] 5 Am Jur 2d, Appeal and Error § 886.
[3] 30 Am Jur 2d, Evidence §§ 1140, 1141, 1173.
[4] 40 Am Jur 2d, Homicide §§ 44, 53.
[5] 21 Am Jur 2d, Criminal Law § 171.
[6] 75 Am Jur 2d, Trial § 699.
[7] 21A Am Jur 2d, Criminal Law § 980.
Circumstances giving rise to conflict of interests between or among
criminal defendants precluding representation by same counsel.
34 ALR3d 470.

court did not err in denying defendants' motion for a directed verdict.

4. The evidence was sufficient to permit the jury to infer that defendant Humphrey had knowledge of Simmons's intent to shoot the victim and thereby to convict Humphrey as an aider and abettor.

5. The trial court's instruction on self-defense adequately represented the defendants' theory that they had acted in self-defense. Defendants' argument that their theory was that Simmons was acting in defense of Humphrey is not supported by the evidence, and the trial court did not err in failing to *sua sponte* instruct the jury regarding the defense of others.

6. Defendants argue that they were denied effective assistance of counsel because they were both represented by the same counsel. No objection to the joint representation was made at trial, thus an actual conflict of interest must be shown. The only conflict herein occurred at Humphrey's sentencing, where, had defense counsel argued more strongly in Humphrey's favor, by implication it would have been detrimental to Simmons. Because of this actual conflict a remand for resentencing of Humphrey is necessary.

Affirmed, but remanded for resentencing of Humphrey.

1. ARREST — INVESTIGATION.

The terminology used by an arresting officer in effectuating an arrest is not determinative of the arrest's validity; while an arrest for an investigation is invalid, the officer's use of the word "investigation" does not per se make the arrest illegal and the court should determine whether the arrest was supported by probable cause.

2. CRIMINAL LAW — APPEAL — MOTION FOR DIRECTED VERDICT.

The Court of Appeals, when reviewing the denial of a defendant's motion for a directed verdict, views the evidence presented at the time of the motion in a light most favorable to the prosecution and determines whether a rational trier of fact could have found each of the essential elements of the crime beyond a reasonable doubt.

3. CRIMINAL LAW — CORPUS DELICTI — CIRCUMSTANTIAL EVIDENCE —
IDENTITY OF PERPETRATOR.

The corpus delicti of any offense is not established until evidence is presented from which a rational trier of fact could reasonably conclude that all the essential elements of the offense have been committed and that a criminal act was responsible there-

for; the corpus delicti may be established by circumstantial evidence and reasonable inferences therefrom; the identity of the perpetrator is not an element of the corpus delicti.

4. HOMICIDE — SECOND-DEGREE MURDER.

A conviction of second-degree murder requires a showing of the killing of a person by another with malice and without justification or excuse.

5. CRIMINAL LAW — AIDERS AND ABETTORS — CIRCUMSTANTIAL EVIDENCE.

A defendant, to be convicted as an aider and abettor, must either possess the requisite intent to commit the principal offense or participate while knowing that his codefendant possessed the requisite intent; such intent or knowledge may be inferred from circumstantial evidence although a defendant's mere presence at the scene of the crime, in and of itself, is insufficient to make him an aider and abettor.

6. CRIMINAL LAW — JURY INSTRUCTIONS.

It is error requiring reversal for a trial court to give a misleading jury instruction which recognizes the prosecution's theory but not the defendant's.

7. CRIMINAL LAW — ASSISTANCE OF COUNSEL — JOINT REPRESENTATION — CONFLICT OF INTEREST.

A defendant who raised no objection at trial to joint representation by counsel must demonstrate that an actual conflict of interest adversely affected his lawyer's performance in order to show ineffective assistance of counsel; he need not demonstrate prejudice, however.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Andrea L. Solak* (in Simmons) and *Jeffrey Caminsky* (in Humphrey), for the people.

*Clarence H. Ledwon,* for defendant Simmons.

State Appellate Defender (by *Susan J. Smith),* for defendant Humphrey.

Before: J. H. Gillis, P.J., and T. M. Burns and R. Robinson,* JJ.

Per Curiam. Following a joint trial before a jury, defendants Carnell Humphrey and Lester Simmons were convicted of voluntary manslaughter, MCL 750.321; MSA 28.553. Defendant Simmons was also convicted of one count of felony-firearm, MCL 750.227b; MSA 28.424(2). Defendant Simmons was sentenced to a term of 10 to 15 years imprisonment on the manslaughter charge plus a consecutive term of two years on the felony-firearm charge. Defendant Humphrey was sentenced to a term of 7-1/2 to 15 years imprisonment. Defendants appeal as of right. Their appeals have been consolidated.

Defendant Simmons first argues that he was improperly arrested for "investigation of murder" and that the information should have been quashed and his case dismissed. Specifically, defendant Simmons argues that the testimony of Lt. Lordon to the effect that defendant was arrested for investigation of murder establishes that his arrest was illegal. Lt. Lordon was not the arresting officer, nor was he involved in giving information to the arresting officer. Mr. Simmons made a statement to Lt. Lordon after he was arrested.

Defendant relies on *People v Martin,* 94 Mich App 649; 290 NW2d 48 (1980), for the proposition that an arrest for "investigation of murder" is per se unlawful since there is no such crime. Defendant Simmons's claim is without merit for four reasons. First, Lt. Lordon was not the arresting officer and his personal opinion is not determinative. Second, the arresting officer had probable

* Former circuit judge, sitting on the Court of Appeals by assignment.

cause to arrest defendant Simmons since Simmons admitted that he shot the victim. This distinguishes each case cited by defendant. In the cases cited by defendant, the arrests were all based on a tip from a third party or a report of the crime by the defendant without any admission of participation. Third, the arresting officer informed defendants they were being arrested for "assault with intent to commit murder". The arresting officer had probable cause to believe that the shooting was not in self-defense since there was evidence that defendant Simmons fired numerous shots at the victim. Finally, the terminology used in effectuating the arrest is not determinative. As noted by this Court in *People v Hamoud*, 112 Mich App 348, 351-352; 315 NW2d 866 (1981), the use of the word investigation does not per se make the arrest illegal and the Court should look to see if the arrest was supported by probable cause. We conclude that defendant Simmons's arrest was valid.

Defendant Humphrey contends that the trial court, in sentencing him, improperly considered a prior misdemeanor conviction for which he was not represented by counsel. This Court previously remanded Humphrey's case for a *Tucker* hearing to determine if the trial court improperly considered defendant's prior misdemeanor conviction.[1] On remand, the trial court stated:

"This matter was remanded to this particular court, I believe, for the purpose of acting upon a *Tucker* hearing. In the essence of that is at the time of the sentence, the court was presented with a pre-sentence report, the probation report, and all other papers. And the court had full knowledge of the previous several minor misdemeanor convictions of this particular defen-

[1] *United States v Tucker*, 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972).

dant, Carnell Humphrey. And the court, in determining the sentence pointed out to Mr. Humphrey the fact that there were these other matters pending against him, did not make any difference. Rather, it would not have made any difference whatsoever. And the court had full knowledge of it. But because of the seriousness of the crime, the matter—the manner of the crime, and the hainnes [sic, heinousness] of his crime. The court did give what it though[t] was the appropriate sentence at that time.

"So when the Court of Appeals sent this case back here, I'd like the Court of Appeals to know, of course, that the fact that the Court had full knowledge of that, but did not interfere with the sentence whatsoever that was given by this court given to defendant."

Since the trial court did not consider defendant's misdemeanor convictions, the rule stated in *Tucker* was not violated. *People v Watroba,* 89 Mich App 718; 282 NW2d 196 (1979).

We next consider the issues argued by both defendants. Both defendants argue that there was insufficient evidence to convict them. Defense counsel moved for a directed verdict at the close of the people's proofs and again renewed the motion at the end of the trial, arguing that the evidence was not sufficient to send the case to the jury. When reviewing the denial of defendants' motion for a directed verdict, this Court views the evidence presented at the time of the motion in a light most favorable to the prosecution and determines whether a rational trier of fact could have found each of the essential elements of the crime beyond a reasonable doubt. *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979).

It is clear that the corpus delicti of any offense is not established until evidence is presented from which a rational trier of fact could reasonably conclude that all the essential elements of the

offense have been committed and that a criminal act was responsible therefor. *People v Allen,* 390 Mich 383; 212 NW2d 21 (1973). In this regard, a conviction of second-degree murder requires a showing of the killing of a person by another with malice and without justification or excuse. *People v Hawkins,* 80 Mich App 481, 486; 264 NW2d 33 (1978).[2] The corpus delicti of a crime may be established by circumstantial evidence and reasonable inferences therefrom, and the identity of the perpetrator is not an element of the corpus delicti. *People v Harris,* 64 Mich App 503, 507; 236 NW2d 118 (1975).

In the instant case, these elements were reasonably established. Doreen Tyus, the deceased's niece, testified that she identified the body of McCarroll Tyus on November 25, 1981, at the Wayne County morgue. This testimony established that there was a death. The medical examiner's testimony, which established that Tyus was shot six times, with four of the shots entering Tyus's body from the rear, is in itself sufficient to allow a jury to infer malice as well as lack of justification or excuse. There was also some evidence that Tyus was not carrying a weapon on that particular day and that he had a reputation for being a peaceful person, which further supports the inference that the killing was without justification. Accordingly, there was sufficient evidence to support the charge of second-degree murder to present the issue to the jury. The trial court did not err in denying defendants' motion for directed verdict.

Defendant Humphrey was convicted of being an aider and abettor, MCL 767.39; MSA 28.979. To be convicted as an aider and abettor, a defendant must either possess the requisite intent to commit

---

[2] Defendants were charged with second-degree murder.

the principal offense or participate while knowing that his codefendant possessed the requisite intent. Such intent or knowledge may be inferred from circumstantial evidence, although a defendant's mere presence at the scene of the crime, in and of itself, is insufficient to make him an aider and abettor. *People v Karst,* 118 Mich App 34, 39; 324 NW2d 526 (1982).

Upon reviewing the facts, we find that there was sufficient evidence to permit the jury to infer that defendant Humphrey had knowledge of Simmons's intent. The facts show that both defendants went to a pawnshop prior to the incident in order to redeem a rifle. The facts also tended to show that Humphrey drove Simmons around trying to find the victim. When they found the victim, Humphry waited in his car while Simmons went to get the rifle in the trunk to shoot the victim. After Simmons shot the victim, Humphrey drove him away from the scene of the crime. This evidence is sufficient to establish that Humphrey either assisted, supported, encouraged, or incited the commission of the crime. *People v Palmer,* 392 Mich 370, 378; 220 NW2d 393 (1974).

Defendants also argue that the trial court gave inadequate instructions regarding self-defense. Specifically, defendants argue that it was their theory that Simmons was acting in defense of Humphrey and, therefore, CJI 7:9:07, which instructs on defense of others, should have been given *sua sponte* by the trial court. In *People v Ora Jones,* 395 Mich 379, 393; 236 NW2d 461 (1975), the Supreme Court held that "it was reversible error to give a misleading instruction which recognized only the prosecution's theory but not the defendant's". In the instant case, the prosecution's theory was that defendant Simmons

shot and killed the victim with malice and without justification or excuse and that defendant Humphrey aided and abetted Simmons. Defendants' theory was that the victim had threatened them on several prior occasions and that they acted in self-defense. The trial court gave a general instruction on the theory of self-defense which was consistent and adequately represented defendants' theory. While Simmons in his statement to the police indicated that he was acting in defense of Humphrey, most of the evidence introduced at trial indicated that Simmons, himself, was in fear of the assault since the victim had threatened him on several prior occasions. Defendants produced witnesses to show that the victim assaulted Simmons in the parking lot of a grocery store. There was further evidence that the victim threatened to kill Simmons in August, 1981, and that the victim was the father of Simmons's wife's first child. There was also evidence that shortly before Simmons shot the victim, the victim threatened that he would get Simmons. Since defendants introduced this evidence, the trial court properly gave a general instruction on the theory of self-defense. The fact that defense counsel did not object to the trial court's instruction indicates that it was defendants' theory that they acted together in self-defense.

We finally consider defendants' argument that they were denied the effective assistance of counsel since they were both represented by the same attorney.[3] The United States Supreme Court in *Cuyler v Sullivan*, 446 US 335, 346; 100 S Ct 1708; 64 L Ed 2d 333 (1980), stated that there is no

---

[3] Defendant Simmons claims that the failure to move to suppress the fruits of his unlawful arrest also constituted the ineffective assistance of counsel. This claim is totally without merit since, as we previously noted, Simmons was properly arrested.

affirmative duty upon state courts under the Sixth Amendment to initiate inquiries into the propriety of joint representation. The Court in *Cuyler* further stated:

"In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance.

\* \* \*

"[A] defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief. \* \* \* But until a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffefective assistance." 446 US 348, 349-350. See also *People v Gamble,* 124 Mich App 606, 609; 335 NW2d 101 (1983).

Upon reviewing the record, the only actual conflict arose at defendant Humphrey's sentencing. Defense counsel made the following statement by way of allocution:

*"Mr. Mitchell [defense counsel]:* Your Honor, as to Carnell Humphrey, the very same allocution applies to him.

"He has had—he too stands before the court without a felony record. He, too, is a good chap just like Mr. Simmons.

"He did not fire the gun for whatever that means. But I will certainly ask the court to be lenient in its imposition of sentence on Mr. Humphrey.

"We have read the report, the presentence report, furnished to us. We don't find anything seriously, factually incorrect about it."

This presents an actual conflict since a stronger more forceful argument could have been made on

behalf of defendant Humphrey. A stronger argument in favor of Humphrey presents a conflict since by negative implication it would have been detrimental to defendant Simmons by emphasizing Simmons's greater degree of culpability. In *Holloway v Arkansas,* 435 US 475, 490; 98 S Ct 1173; 55 L Ed 426 (1978), the Supreme Court stated, "Generally speaking, a conflict may also prevent an attorney * * * from arguing at the sentencing hearing the relative involvement and culpability of his clients in order to minimize the culpability of one by emphasizing that of another".

The instant case presents a situation envisioned by *Holloway* as presenting an actual conflict in the representation of two clients. Because defendant Humphrey was denied effective assistance of counsel because of the actual conflict at sentencing, we remand for his resentencing. In all other respects, the trial court is affirmed.

Affirmed in part and remanded.