PEOPLE v RHINEHART

Docket No. 76933. Submitted October 7, 1985, at Detroit.—Decided
    January 9, 1986.

Defendant, Gary P. Rhinehart, was convicted by a jury in Monroe
    Circuit Court of delivery of less than 50 grams of cocaine. The
    circuit court, James J. Kelley, J., sentenced defendant to from
    10 to 20 years in prison. Defendant was represented by the
    same attorney who represented his brother, a codefendant, in
    the same trial and who was acquitted. Defendant appealed.
    *Held:*

    1. A conflict of interest which adversely affected defendant's
    attorney's performance at trial arose after the attorney, with-
    out consulting defendant, decided, after initially planning not
    to have either defendant or codefendant testify, to have the
    codefendant testify about an alibi defense. The codefendant's
    testimony proved to be damaging to defendant. Thus, defen-
    dant's right to effective assistance of counsel was violated.

    2. The circuit court failed to comply with the court rule
    which requires a trial court to take whatever action the inter-
    ests of justice require when a conflict of interest becomes
    apparent during trial. As a result, defendant's right to effective
    assistance of counsel was violated.

    3. Any error in the circuit court's instructions to the jury on
    the alibi defense did not prejudice defendant and was harmless
    error beyond a reasonable doubt, since it was the codefendant
    who presented an alibi defense, not defendant.

    Reversed.

1. CRIMINAL LAW — ASSISTANCE OF COUNSEL — JOINT REPRESENTA-
    TION — CONFLICT OF INTEREST.

    A defendant who raised no objection at trial to joint representa-

REFERENCES

Am Jur 2d, Attorneys at Law §§ 134, 184-189.

Modern status of rules and standards in state courts as to adequacy
    of defense counsel's representation of criminal client. 2 ALR4th
    27.

Circumstance giving rise to conflict of interest between or amoung
    criminal codefendents precluding representation by same counsel.
    34 ALR3d 470.

tion of him and a codefendant by counsel must demonstrate that an actual conflict of interest adversely affected his attorney's performance in order to show ineffective assistance of counsel; however, he need not demonstrate prejudice.

2. CRIMINAL LAW — ASSISTANCE OF COUNSEL — JOINT REPRESENTATION — CONFLICT OF INTEREST — COURT RULES.
  It is reversible error for a trial court not to comply with the court rule by not inquiring into a conflict and by not taking whatever action the interests of justice require to protect a defendant's right to effective assistance of counsel where the conflict of interest arising out of joint representation by counsel which adversely affects counsel's performance becomes apparent to a trial court during trial (GCR 1963, 785.4, now MCR 6.101[C][4]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Lavoy,* Prosecuting Attorney, *Lawrence J. VanWasshenova,* Assistant Prosecuting Attorney, for the people.

*John E. Luchansky,* for defendant.

Before: R. M. MAHER, P.J., and WAHLS and HOOD, JJ.

PER CURIAM. Defendant, Gary Paul Rhinehart, appeals as of right his jury conviction for delivery of less than 50 grams of cocaine, MCL 333.7401(1) and (2)(a)(iv); MSA 14.15(7401)(1) and (2)(a)(iv).

Defendant and codefendant, David Rhinehart, who is defendant's brother, were represented by the same attorney and tried together. Codefendant was acquitted but defendant was found guilty. On appeal, defendant contends that he was denied effective assistance of counsel because his trial attorney jointly represented defendant and codefendant and failed to seek separate trials.

In *People v Hunter,* 141 Mich App 225, 229-230; 367 NW2d 70 (1985), this Court summarized the standard of review for ineffective assistance of counsel claims:

"The Michigan courts recognize a two-pronged test in assessing ineffective assistance of counsel claims. *[People v Garcia*, 398 Mich 250; 247 NW2d 547 (1976), *reh den* 399 Mich 1041 (1977)]. The first branch of the inquiry focuses on the Sixth Amendment right to counsel and requires that defense counsel perform at least as well as a lawyer with ordinary skills and training in the criminal law and must conscientiously protect his client's interest undeflected by conflicting considerations. Second, ineffectiveness of counsel may also be shown where defense counsel makes a serious mistake but for which defendant would have had a reasonably likely chance of acquittal. *[People v Degraffenreid,* 19 Mich 702; 173 NW2d 317 (1969)]. In this connection, we presume trial counsel afforded his client effective representation. *[People v Tranchida,* 131 Mich App 446; 346 NW2d 338 (1984)]. The burden of proving ineffectiveness of counsel is on the defendant. *[People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973)].

"In *Strickland v Washington,* [466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984)], the United States Supreme Court held that when a convicted defendant claims under the Sixth Amendment that counsel's assistance was so defective as to require reversal, he must establish the following: (1) that counsel's performance was deficient, a performance inquiry to determine whether counsel's assistance was reasonable considering all the circumstances; and (2) that the deficient performance prejudiced the defense, that there is a reasonable probability that, absent the error, the factfinder would have had a reasonable doubt respecting guilt. The Court further held that, under the Sixth Amendment, 'the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result'. The reasonableness of counsel's challenged conduct must be judged based upon the facts of the particular case, viewed at the time of counsel's conduct." (Footnotes omitted.)

Because defendant failed to object at trial to joint representation, he must demonstrate an ac-

tual conflict of interest that adversely affected his trial attorney's performance in order to establish a violation of his right to effective assistance of counsel. *People v Simmons,* 134 Mich App 779, 788; 352 NW2d 275 (1984), *lv den* 421 Mich 859 (1985), quoting *Cuyler v Sullivan,* 446 US 335, 349-350; 100 S Ct 1708; 64 L Ed 2d 333 (1980).

A review of the record indicates that a conflict of interest did arise during trial.

Defense counsel's trial strategy was to attack the credibility of the informant, Robert VanHook, whose expected testimony was that codefendant and defendant were present at the time the sale of cocaine took place. Defense counsel planned to present four witnesses who would place codefendant in Minneapolis, Minnesota when the transaction was alleged to have occurred. The attorney hoped that if the jury believed the alibi defense, the credibility of the informant would be seriously undermined and both defendant and codefendant would be acquitted. Before trial, counsel did not plan to have either defendant or codefendant testify. However, when only two of the alibi witnesses appeared in court, and their testimony proved to be unsatisfactory in the trial attorney's opinion, he advised codefendant that it was essential that he testify to strengthen his alibi defense.

Codefendant testified that he was out of town at the time of the alleged sale. Two defense witnesses corroborated this testimony. He further testified that VanHook was a former employee whom he had discharged rather angrily because VanHook had damaged a customer's car. On cross-examination, codefendant testified that he knew VanHook through his brother, defendant, and that defendant and VanHook had been roommates at one time.

We agree with defendant that this testimony was damaging to him because it linked the defen-

dant with VanHook. We further find that a conflict of interest thereby arose which affected counsel's representation of defendant. Defense counsel did not discuss with defendant the change in trial strategy before codefendant testified. Nor did defense counsel consult with defendant concerning the advisability of testifying to negate any damaging implication. Moreover, defense counsel testified that, had he represented defendant only, he would have consulted with defendant concerning this matter.

While we doubt that his brother's testimony severely prejudiced defendant, once a defendant establishes a conflict of interest affecting his representation, he need not demonstrate actual prejudice. *People v Simmons, supra,* p 788. Accordingly, we reverse defendant's conviction.[1]

We also find that the trial court's failure to comply with GCR 1963, 785.4(4), now MCR 6.101(C)(4), requires reversal.

GCR 1963, 785.4 provided:

"(4) Whenever two or more defendants who have been jointly charged or whose cases have been consolidated are represented by the same lawyer, the court *shall* inquire into any potential conflict which might jeopardize the right of each defendant to the fidelity of his or her lawyer. The same lawyer may not represent two or more defendants unless:

"(a) the lawyer proposing to represent two or more defendants states, on the record before the trial, that

---

[1] We do not agree, however, that defense counsel made a serious mistake in failing to seek separate trials but for which defendant would have had a reasonably likely chance of acquittal. No conflict of interest arising from a joint trial was anticipated by defense counsel. Indeed, it appears that a joint trial was a matter of counsel's trial strategy for which this Court is reluctant to substitute its judgment. See *People v Hunter,* 141 Mich App 225, 230; 367 NW2d 70 (1985) and *People v Lotter,* 103 Mich App 386; 302 NW2d 879, *lv den* 412 Mich 852 (1981).

joint representation will in all probability not cause a conflict of interest and the reasons for that conclusion;

"(b) the defendants state, on the record, after the court's inquiry and the lawyer's statement that it is their desire to proceed with the same lawyer; and

"(c) the court finds, on the record, that joint representation will in all probability not cause a conflict of interest and states the reasons for the finding.

"If an unanticipated conflict occurs during the trial, a lawyer who is representing two or more defendants shall immediately inform the court. If the court agrees that a conflict has arisen, it shall appoint an additional lawyer or lawyers or afford one or more of the defendants the opportunity to retain separate counsel, as the case may require. The court may, on its own motion, inquire into any potential conflict which becomes apparent during trial, and the court may then take whatever action the interests of justice require." (Emphasis added.)

While the court's obligation under this rule is not tied to any particular stage of proceedings, *People v Kirk,* 119 Mich App 599, 602; 326 NW2d 145 (1982), it is written in mandatory terms:

"a violation of its guidelines does not perfect a claim of ineffective assistance of counsel. The constitutional guarantees of effective assistance of counsel do not require courts to initiate inquiries into the propriety of multiple representation unless the court knows or reasonably should know that a particular conflict exists. * * * The Michigan Supreme Court, in an exercise of its supervisory power over state courts, has charted a desirable practice in its promulgation of GCR 1963, 785.4(4). Unless the Supreme Court provides otherwise, however, we decline to hold that a violation of this rule of procedure, in itself, constitutes reversible error." *People v Gamble,* 124 Mich App 606, 610-611; 335 NW2d 101 (1983). (Citations omitted.)

The purpose of this rule is to protect the rights of defendants to effective assistance of counsel in

joint representation cases. *People v Gardner,* 406 Mich 369, 373; 279 NW2d 785 (1979), *cert den* 444 US 1093; 100 S Ct 1061; 62 L Ed 2d 783 (1980). However, effectuation of this purpose does not require reversal in a case where there is "no showing of a conflict of interest actually affecting the adequacy of representation". *People v Kirk,* 119 Mich App 599, 603; 326 NW2d 145 (1982).

We have already determined that an actual conflict of interest arose during trial which adversely affected defense counsel's performance. We further find that the conflict of interest should have become apparent to the trial court at the time defense counsel made known to the court that David Rhinehart would testify. Therefore, the trial court's compliance with the rule would have fulfilled its purpose of protecting defendant's right to effective assistance of counsel. Conversely, its noncompliance compels reversal.

Defendant's final argument on appeal merits only passing discussion. Because it was the acquitted codefendant, and not defendant, who presented an alibi defense, any error in instructing the jury on alibi defense did not prejudice defendant and was harmless beyond a reasonable doubt.

Reversed.