PEOPLE v RONALD BROWN

Docket No. 89230. Submitted February 17, 1987, at Detroit. Decided
April 6, 1987.

Ronald K. Brown was convicted by a Wayne Circuit Court jury of
attempted unauthorized driving away of a motor vehicle, Mi-
chael L. Stacey, J. Defendant appealed.

The Court of Appeals *held:*

1. The trial judge did not abuse his discretion in denying a
request by defendant's codefendant's counsel to ask prospective
jurors on voir dire how they would vote if they were to decide
the case at that moment. The trial judge correctly denied the
request on the basis that the prospective jurors had indicated
they would follow the law as instructed regardless of their
feelings. Other inquiries by the trial judge as to the jurors'
preconceived opinions or prejudices were adequate to afford
counsel information necessary to intelligently exercise peremp-
tory challenges and challenges for cause.

2. Defendant's failure to move for a new trial or for an
evidentiary hearing regarding his claim of ineffective assistance
of trial counsel precluded a review by the Court of Appeals of
all but one of the bases for his claim. However, the record
indicated that defendant waived his right to trial counsel's
presence during jury instructions. Thus, defendant's claim of
ineffective assistance of counsel on this basis is without merit.

Affirmed.

1. CRIMINAL LAW — JURY — VOIR DIRE — APPEAL.

The scope of voir dire examination of prospective jurors is within

REFERENCES

Am Jur 2d, Appeal and Error §§ 18, 508, 628, 772, 774.
Am Jur 2d, Criminal Law §§ 752, 984, 985.
Am Jur 2d, Jury §§ 195, 196, 200-202, 212.
Modern status of rule as to test in federal court of effective
representation by counsel. 26 ALR Fed 218.
Modern status of rules and standards in state courts as to adequacy
of defense counsel's representation of criminal client. 2 ALR4th
27.
See also the annotations in the Index to Annotations under Voir
Dire.

the discretion of the trial judge and will not be set aside absent an abuse of discretion.

2. CRIMINAL LAW — APPEAL — ASSISTANCE OF COUNSEL.

> The Court of Appeals will not review a claim of ineffective assistance of counsel based on allegations not supported by the record where no motion for a new trial or for an evidentiary hearing has been filed.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division Research, Training and Appeals, and *Olga Agnello,* Assistant Prosecuting Attorney, for the people.

*Richard E. Rosenberg,* for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and SULLIVAN and M. WARSHAWSKY,* JJ.

PER CURIAM. Following a jury trial, defendant was convicted of attempted unauthorized driving away of a motor vehicle, MCL 750.413; MSA 28.645; MCL 750.92; MSA 28.287. He appeals as of right.

Defendant first contends that the trial court erred so as to require reversal in denying his codefendant's counsel's request to ask prospective jurors during voir dire "if they were to vote now how they would decide." Defendant should have stated on the record that he joined in the request in order to preserve the issue for appeal. However, in reviewing the substance of the issue, we conclude that reversal is not required.

The scope of voir dire examination of prospective jurors is within the discretion of the trial judge and his decision will not be set aside absent an abuse of that discretion. *People v Harrell,* 398

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Mich 384, 388; 247 NW2d 829 (1976). In this case, the trial judge stated that he denied the request because the prospective jurors had indicated that they would follow the law given to them regardless of their feelings. This was sufficient reason to deny the request. See *McNabb v Green Real Estate Co,* 62 Mich App 500, 505; 233 NW2d 811 (1975), lv den 395 Mich 774 (1975); 2 Honigman & Hawkins, Mich Court Rules Annotated (2d ed), p 466. The trial court's other inquiries as to the jurors' preconceived opinions or prejudices were adequate to afford counsel information necessary to intelligently exercise peremptory challenges and challenges for cause. *McNabb, supra.*

Defendant also contends that he did not receive effective assistance of counsel because his trial counsel failed to timely move to exclude evidence of defendant's prior convictions, failed to make any substantive opening statement, failed to make any substantive closing statement, allowed his client to take the witness stand with no preparation, and absented himself during final jury instructions. To the extent defendant's claim depends on facts not of record, it is incumbent on him to make a testimonial record at the trial court in connection with a motion for a new trial which evidentially supports his claim and which excludes hypotheses consistent with the view that his trial lawyer represented him adequately. *People v Ginther,* 390 Mich 436, 443; 212 NW2d 922 (1973); *People v Lawson,* 124 Mich App 371, 373; 335 NW2d 43 (1983). Since defendant failed to move for a new trial or an evidentiary hearing on his claims of ineffective assistance of counsel and since such a hearing would be necessary with respect to the first four claims, this Court is unable to review those claims. Defendant may wish to request a *Ginther* hearing below.

With respect to defendant's final claim of ineffective assistance of counsel, the record indicates that the defendant waived his right to trial counsel's presence during jury instructions and agreed to be represented by codefendant's counsel. Cf. *People v Gamble,* 124 Mich App 606, 609; 335 NW2d 101 (1983), lv den 417 Mich 1100.38 (1983). Hence that claim is without merit.

Affirmed.