Everett Lee MAXEY, Petitioner,

v.

Ned BENTON, Director, Oklahoma Department of Corrections, Respondent.

No. 76–306–C.

United States District Court,
E. D. Oklahoma.

Feb. 7, 1977.

James E. Davis, Thomas R. Newman, Texarkana, Ark., for petitioner.

Ross N. Lillard, III, Asst. Atty. Gen., Oklahoma City, Okl., for respondent.

## ORDER

DAUGHERTY, Chief Judge.

This is a proceeding for writ of habeas corpus by a State prisoner who challenges the validity of the judgment and sentence of the District Court of Choctaw County, Oklahoma, in case No. CRF–73–5. There has been furnished to, and examined by, the court the original record of said case together with transcripts of the preliminary hearing, trial and post conviction evidentiary hearing. From the court's examination of these records it appears that the petitioner was charged, tried and convicted in the District Court of Choctaw County in said case No. CRF–73–5 for the offense of Rape in the First Degree. The jury was unable to agree upon the punishment and the court imposed the sentence of 30 years imprisonment.

The petitioner has exhausted his State remedies by presenting all issues herein to the Oklahoma courts in his direct appeal and appropriate post conviction proceedings. The Opinion of the Oklahoma Court of Criminal Appeals on the direct appeal fully summarized the details of the evidence in the case and this court will refer to the evidence only as it may be necessary to dispose of any of the issues herein. See *Maxey v. State*, 526 P.2d 951 (Okl.Cr.1974).

As grounds for relief the petitioner alleges:

1. "[T]he trial judge in sentencing the Petitioner, took into consideration materials contained in a pre-sentence investigation report, which would not have been admissible before the jury in determining the punishment to be assessed."

2. The petitioner was denied the effective assistance of counsel.

3. The evidence was insufficient to support a conviction of First Degree Rape.

4. "[T]he petitioner was not arraigned within 30 days of his arrest as is required by Oklahoma law."

■ The petitioner's first proposition presents no federal constitutional violation. When the jury was unable to agree upon punishment the court imposed sentence after receiving a presentence investigation report which revealed a prior rape conviction. He contends that because the conviction had not been introduced, and could not have been introduced since he elected not to testify, at his trial the court could not consider it and was restricted to those matters which were before the jury. In rejecting this contention the Oklahoma Court of Criminal Appeals stated in its Opinion on direct appeal:

"Secondly, the defendant asserts that it was error for the trial court to consider the pre-sentence investigation which reflected a former conviction in setting punishment, when the jury was unable to do so. Defendant erroneously argues that the rendering of punishment by the trial court should be analogous to the imposition of punishment by the jury. This is not true. In this situation, 22 O.S.1971, § 973, is applicable, and states:

'After a plea or verdict of guilty in a case where the extent of the punishment is left with the court, the court, upon the suggestion of either party that there are circumstances which may be properly taken into view, either

in aggravation or mitigation of the punishment, may in its discretion hear the same summarily at a specified time and upon such notice to the adverse party as it may direct.' "

526 P.2d at 955.

Thus, the highest court in Oklahoma on criminal matters has ruled against the petitioner on this precise point finding that the consideration of the former conviction was authorized in accordance with State law. Normally the federal courts are bound by a State's interpretation of its own statutes. *Redford v. Smith*, 543 F.2d 726 (CA10 1976). An exception is made only in those rare situations in which the interpretation "is inconsistent with the fundamentals of liberty and justice." *Chavez v. Baker*, 399 F.2d 943 (CA10 1968). There is no such inconsistency in this case. The petitioner had no federal constitutional right to have his punishment assessed by the jury. *Payne v. Nash*, 327 F.2d 197 (CA8 1964). As pointed out in *Lindsey v. United States*, 77 U.S.App. D.C. 1, 9, 133 F.2d 368, 376 (CA D.C.1942):

"[T]here is no prohibition in the Constitution against choice of punishment by the jury or requiring sentence to be imposed by a judge . . . ."

It is the regular practice in federal courts for the court and not the jury to fix the punishment. Rule 32, Federal Rules of Criminal Procedure. A sentencing judge has wide discretion in determining the appropriate sentence to impose. *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). The permissible scope of the sentencing judge's inquiry is quite broad and limitations are not lightly imposed either upon the kind of information the court may consider or the source from which it may be obtained. *Verdugo v. United States*, 402 F.2d 599 (CA9 1968), cert. denied, 397 U.S. 925, 90 S.Ct. 931, 25 L.Ed.2d 105, cert. denied, 402 U.S. 961, 91 S.Ct. 1623, 29 L.Ed.2d 124. There are no formal limitations on the contents of presentence reports and they may rest on hearsay and contain information bearing no relation whatever to the crime with which the defendant is charged. *Gregg v. United States*, 394 U.S. 489, 89 S.Ct. 1134, 22

L.Ed.2d 442 (1969). In *Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949) the sentencing judge imposed the death penalty. At the time of sentencing he stated that the presentence investigation revealed many material facts concerning appellant's background, which though relevant to the question of punishment, could not properly have been brought to the attention of the jury in its consideration of the question of guilt. He referred to the experience appellant "had had on 30 other burglaries in and about the same vicinity" where the murder had been committed. Appellant had not been convicted of these burglaries although the judge had information that he had confessed to some and had been identified as the perpetrator of some of the others. The Supreme Court denied relief pointing out:

"A sentencing judge, however, is not confined to the narrow issue of guilt. His task within fixed statutory or constitutional limits is to determine the type and extent of punishment after the issue of guilt has been determined. Highly relevant—if not essential—to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics."

337 U.S. at 247, 69 S.Ct. at 1083. Clearly, therefore, there was no federal constitutional impediment to the consideration by the judge of the petitioner's prior conviction and its use was purely a question of state law.

The petitioner's claim that he was denied the effective assistance of counsel is without merit. The petitioner was originally represented by privately retained counsel. After appearing in petitioner's behalf at the preliminary hearing and various bond hearings this attorney was discharged by petitioner in March, 1973. Thereafter, on March 29, 1973, a new lawyer was appointed by the court. Because of petitioner's dissatisfaction with this attorney the court permitted him to withdraw on August 21, 1973, and immediately appointed on that date another attorney to represent petition-

**4**

er. The case was set for trial on September 11. On September 10, counsel moved for continuance to September 20. The court granted him a continuance until September 19th. Thereafter, the counsel filed a pretrial motion to dismiss on the ground of impermissible delay in petitioner's arraignment and issued subpoenas for witnesses. The motion to dismiss was overruled on the day of trial. Counsel also moved, prior to trial, to suppress the testimony of the victim on the ground that she was incompetent and presented legal authorities in support thereof. He also moved for a continuance on the ground that two policemen who had visited with petitioner on the night of the alleged offense and who had been subpoenaed were unavailable. The court listened to the petitioner in support of the motion for continuance. He told the court that he had five witnesses whom he needed for his defense. He admitted that he had never told his attorney what the testimony of these witnesses would be. Trial Tr. p. 24. In response to direct inquiry by the court as to their testimony the petitioner only replied generally "they have good testimony to offer". Trial Tr. p. 25. He identified only the police officers and the only testimony specifically anticipated from them was that he was not drunk on the night of the alleged offense. After ascertaining that counsel had discussed the case with the petitioner five to eight times, at length on at least two of these occasions, the court denied the motion for continuance.

The petitioner's attorney was not incompetent counsel. He had been a State prosecutor for two years before commencing the private practice of law in which he had conducted the trial and defense of criminal cases. The attorney had nearly a month to prepare for trial and had in fact investigated the facts and the law pertaining to the case. He had secured the transcript of the preliminary hearing and was familiar with the testimony of the prosecutrix and her mother. He also had interviewed the mother. In conversations with the petitioner he had obtained the names of any witnesses known to the petitioner and interviewed

those that were available. He had negotiated a very favorable plea bargain for the petitioner with the prosecutor which had been communicated to the petitioner. At the trial counsel interposed appropriate objections to the evidence and ably cross-examined the prosecuting witnesses. He also produced in defense the Police Officer Brownrigg whose unavailability had been previously cited as a basis for the requested continuance. The officer testified that when seen by him on the evening in question the petitioner was not intoxicated but provided no other helpful evidence. Because of the petitioner's prior conviction for rape it was his attorney's advice to him which was accepted that he not testify at the trial. When this issue was presented to the sentencing court by application for post conviction relief a full evidentiary hearing was held in which the court heard the testimony of trial counsel, petitioner and other witnesses. At the conclusion of the evidentiary hearing the trial court in its Findings of Facts stated:

"10. That the defendant was represented at the trial by an experienced and well-qualified member of the Choctaw County Bar Association who had adequate time to prepare for trial and the said defendant was effectively represented at all stages of the trial and on appeal by John Muntz and that the advice given by said attorney was in the opinion of the trial judge extremely sound and should have been followed."

On appeal the Court of Criminal Appeals affirmed the finding of the trial court and concluded that the court appointed counsel for petitioner was not ineffective because the record did not reflect that the trial was a farce or mockery of justice and did not shock the conscience of the court.

The hearing conducted by the sentencing court meets fully the requirements of 28 U.S.C.A. § 2254 and *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Contrary to petitioner's contention a proper standard of effectiveness of counsel was applied by the Oklahoma courts. The burden on a petitioner to establish a

claim of ineffective assistance is great and neither hindsight nor success is the measure. *Ellis v. Oklahoma*, 430 F.2d 1352 (CA10 1970). It does not mean victorious or flawless counsel. *Brady v. United States*, 433 F.2d 924 (CA10 1970). The representation must have been such as to make the trial a mockery, sham or farce. *Basker v. Crouse*, 426 F.2d 531 (CA10 1970). Because the defense is unsuccessful and because the petitioner concludes the defense did not meet his standards of effectiveness does not destroy the essential integrity of the proceedings nor constitute a denial of due process. *Moss v. Hunter*, 167 F.2d 683 (CA10 1948), cert. denied, 334 U.S. 860, 68 S.Ct. 1519, 92 L.Ed. 1780, reh. denied, 335 U.S. 839, 69 S.Ct. 8, 93 L.Ed. 390; *Johnson v. United States*, 333 F.2d 371 (CA10 1964). From the record it appears that petitioner was a difficult client in a difficult case and it is doubtful that any counsel could have satisfied petitioner's personal standards of effectiveness. In *Frand v. United States*, 301 F.2d 102, 103 (CA10 1962) the court pointed out:

"But the constitutional right to the effective assistance of counsel does not vest in the accused the right to the services of an attorney who meets any specified aptitude test in point of professional skill. And common mistakes of judgment on the part of counsel, common mistakes of strategy, common mistakes of trial tactics, or common errors of policy on the course of a criminal case do not constitute grounds for collateral attack upon the judgment and sentence by motion under the statute."

Appropriate to this case is the conclusion of the court in *United States v. Larsen*, 525 F.2d 444, 449 (CA10 1975):

"Much can be said of the many errors made during a trial. Monday morning quarter-backing is not only popular among sports fans; we often hear it at the bar. The Constitution does not guarantee a perfect trial, only a fair one. On balance we believe this one to have been fairly conducted as well as fairly concluded."

After independent review of the proceedings in the evidentiary hearing conducted by the District Court of Choctaw County together with the review of the trial transcript it appears that the Oklahoma Courts have correctly applied constitutional principles and that the record in the state court proceedings considered as a whole does fairly support the findings and rulings of the court concerning the ineffective assistance of counsel. Since the 'State court hearing was adequate to develop the facts and it met the requirements of *Townsend v. Sain*, supra, and 28 U.S.C.A. § 2254(d), this court is not required to hold an evidentiary hearing on this issue. *Maxwell v. Turner*, 411 F.2d 805 (CA10 1969).

The petitioner's contention that the evidence was insufficient to convict him of first degree rape does not raise a federal constitutional question. In *Sinclair v. Turner*, 447 F.2d 1158, 1161 (CA10 1971) the court declared:

"Federal habeas corpus does not serve as an additional appeal from State court conviction. *Fay v. Noia*, 372 U.S. 391, [83 S.Ct. 822, 9 L.Ed.2d 837] (1963). Sufficiency of evidence to support a State conviction raises no Federal constitutional question, and cannot be considered in Federal habeas proceedings by State prisoners. *Linebarger v. State of Oklahoma*, 404 F.2d 1092 (10th Cir. 1968), cert. denied, 394 U.S. 938 [89 S.Ct. 1218, 22 L.Ed.2d 470] (1969); *Williams v. Wainwright*, 414 F.2d 806 (5th Cir. 1969). The guilt or innocence of an accused person when determined by a State court is not subject to review by Federal courts in habeas corpus proceedings."

In a collateral attack upon a judgment of conviction the question is not whether the evidence was sufficient but whether the verdict of guilty was so devoid of evidentiary support as to raise a due process issue. *Lorraine v. United States*, 444 F.2d 1 (CA10 1971). From the court's examination of the trial transcript is it satisfied by this test that the verdict of guilty is constitutionally unassailable.

For his final proposition the petitioner urges that the failure to arraign the petitioner within 30 days as required by state law entitles him to relief because "justice delayed is justice denied". His reasoning is somewhat confusing because at the same time he inconsistently complains of the failure of the trial court to grant him a trial continuance. It is difficult to perceive how justice could be delayed by a late arraignment but ill-served by a prompt trial. In any event neither complaint is of constitutional dimensions. It was a matter of the trial court's discretion whether to grant a continuance. See *United States v. Spoonhunter*, 476 F.2d 1050 (CA10 1973). Habeas corpus may not be used to review a claimed denial of a continuance. *Latham v. Crouse*, 320 F.2d 120 (CA10 1963).

The delay in arraignment was found by the trial court to have been principally caused by the petitioner himself and it concluded that petitioner was not entitled to relief under the State statute. The Court of Criminal Appeals agreed. It is not the proper role of this court to say that the interpretation of their own statute by the Oklahoma court was wrong. See *Redford v. Smith*, supra. The Federal Constitution mandates a speedy trial. It does not specify a time requirement for the conducting of an arraignment. The petitioner does not allege any particular prejudice due to the alleged delay in the formal arraignment in the district court. He had been promptly informed of the charges against him and had had a preliminary hearing. He was represented by counsel throughout the challenged period. There is no contention and the transcript of the evidence does not reveal any statement was taken from him during this period of time. Mere delay in arraignment does not constitute cause for redress in federal court on habeas corpus. See *Freeman v. Page*, 443 F.2d 493 (CA10 1971).

Accordingly, since the files and records examined by the court conclusively show the petitioner is not entitled to relief and there are no material issues of fact which require an evidentiary hearing, the Petition for Writ of Habeas Corpus will be denied.

IT IS SO ORDERED.