PEOPLE v TRANCHIDA

Docket No. 67729. Submitted November 2, 1983, at Detroit.—Decided
    January 3, 1984.

    Matthew A. Tranchida was convicted of armed robbery, Record-
    er's Court of Detroit, David P. Kerwin, J. Defendant appealed,
    alleging that he was denied effective assistance of counsel
    because his trial attorney failed to call to the court's attention
    that a key witness had a hearing problem which prevented her
    from adequately hearing questions put to her at trial and that
    she was consequently unable to give appropriate responses.
    *Held:*

       The record reveals that the witness herself indicated that she
    had a hearing problem and that both counsel and the trial
    court were careful in their questioning of the witness to ensure
    that she understood the questions. It was not error for defense
    counsel to fail to specifically bring the witness's hearing prob-
    lem to the court's attention.

       Affirmed.

1. Criminal Law — Attorney and Client — Assistance of Coun-
    sel.

    The standard by which assistance of counsel is judged is that
    defense counsel must perform at least as well as a lawyer with
    ordinary training and skill in the criminal law and must
    conscientiously protect his client's interests, undeflected by
    conflicting considerations.

2. Criminal Law — Attorney and Client — Assistance of Coun-
    sel.

    A convicted person who attacks the adequacy of his representa-
    tion has the burden of making a record which evidentially

References for Points in Headnotes
[1] 21A Am Jur 2d, Criminal Law § 985.
    Modern status of rule as to test in federal court of effective
       representation by counsel. 26 ALR Fed 218.
    Modern status of rules and standards in state courts as to adequacy
       of defense counsel's representation of criminal client. 2 ALR4th
       27.
[2, 3] 21A Am Jur 2d, Criminal Law §§ 984, 986.

supports his claim and which excludes hypotheses consistent with the view that his trial lawyer represented him adequately.

3. Criminal Law — Attorney and Client — Assistance of Counsel.

A defendant's trial counsel is presumed to have provided effective assistance to the defendant; to overcome this presumption defendant must show that there was a failure to perform an essential duty owed by counsel to the defendant and that this failure was prejudicial to the defense.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Rosemary A. Gordon,* Assistant Prosecuting Attorney, for the people.

*Parzen & Parzen* (by *George C. Parzen),* for defendant on appeal.

Before: Bronson, P.J., and Shepherd and J. P. Swallow,* JJ.

Per Curiam. Following a bench trial, defendant was convicted of armed robbery, MCL 750.529; MSA 28.797. He was sentenced to prison for a minimum of 5 years and a maximum of 15 years. Defendant now appeals as of right.

The complainant, Joseph Leo Knopp, testified that his granddaughter, Pamela Ann Clauw, and defendant came to the side door of his home around noon on February 20, 1982. Knopp claimed that defendant forced his way into the house, threatened him with what appeared to be a gun and demanded money. Defendant then took Knopp's wallet, bound and blindfolded him, searched the house and further threatened him. During this three-hour period, Pamela was also

* Circuit judge, sitting on the Court of Appeals by assignment.

tied up. However, defendant took her with him when he left.

Knopp further testified that he did not need glasses although he was 82 years old. Moreover, he knew defendant as defendant occasionally accompanied Pamela when she visited him. He also denied being influenced in his identification of defendant by Pamela's father.

Pamela and the defendant testified that defendant was not the person who accompanied Pamela to her grandfather's home. The court found that it did not believe Pamela and the defendant and that it did believe the testimony of Knopp when he identified defendant as the perpetrator of the crime.

The only issue raised on appeal was whether defendant was denied effective assistance of counsel by reason of the alleged failure of counsel to call to the court's attention that Pamela had a serious hearing impairment which prevented her from adequately hearing questions put to her at trial and that consequently she was unable to give appropriate responses.

The standard by which the assistance given by counsel is judged is found in *People v Garcia,* 398 Mich 250, 264; 247 NW2d 547 (1976):

" 'Defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interests, undeflected by conflicting considerations.' "

And, as held in *People v Ginther,* 390 Mich 436, 442-443; 212 NW2d 922 (1973):

" 'A convicted person who attacks the adequacy of the representation he received at trial must prove his claim * * * it is incumbent on him to make a * * * record

* * * which evidentially supports his claim and which excludes hypotheses consistent with the view that his trial lawyer represented him adequately.' "

See, also, *People v Moore,* 391 Mich 426; 216 NW2d 770 (1974); *People v O'Brien,* 89 Mich App 704; 282 NW2d 190 (1979); *People v Jelks,* 33 Mich App 425; 190 NW2d 291 (1971).

Additionally, it is well understood that:

" 'Effective' assistance of counsel obviously means something other than successful assistance." *Mitchell v United States,* 104 US App DC 57; 259 F2d 787, 789 (1958).

*United States v Sander,* 615 F2d 215 (CA 5, 1980); *Maxey v Benton,* 483 F Supp 1 (ED Okla, 1977); *People v DeGraffenreid,* 19 Mich App 702; 173 NW2d 317 (1969).

One other legal principle, too often overlooked, is that there is a presumption that defendant's counsel did in fact and in law provide effective assistance. *Dupree v United States,* 606 F2d 829, 830 (CA 8, 1979), *cert den* 445 US 919 (1980); *Thomas v Wyrick,* 535 F2d 407, 413 (CA 8, 1976), *cert den* 429 US 868 (1976). As held in *Mcqueen v Swenson,* 498 F2d 207, 218 (CA 8, 1974), to overcome this presumption, defendant must show that there was a failure to perform an essential duty owed by counsel to defendant and that this failure prejudiced the defense. See, also, *United States v Garcia,* 625 F2d 162, 170 (CA 7, 1980).

A review of the record reveals that the witness, Pamela Clauw, indicated to the court that she did not hear very well.

"*Q. [Assistant Prosecutor]:* Did you ever live at 9201 Yorkshire?

"*A. [Pamela Clauw]:* No.

"*Q.* Never have? Was that where Mr. Tranchida lived before?

"*A.* Could you speak up a little? I can't hear that well.

"*Q.* Did Mr. Tranchida live at that address, 9201 Yorkshire?

"*A.* Yeah, about two years ago."

After a few more questions, the court took over the questioning and made sure the witness could hear. When the prosecutor resumed questioning, she went over any questions the witness could not hear. The witness indicated when she could not hear the questions so that they could be repeated.

Clearly, defense counsel did not need to state the obvious to the trial court—that Pamela had trouble hearing. Both counsel and the court were careful and patient in questioning her which demonstrates a cognizance of her hearing problem. The witness herself indicated that she was having trouble hearing. Therefore it was not an outcome-determinative mistake for counsel not to inform the court that Pamela had a hearing problem. Defendant in this case therefore received effective assistance of counsel.

In summary, where the impairment of a witness is obvious from the record, it is not necessary for counsel to specifically call the impairment to the court's attention. For this reason, the affidavit filed by Pamela subsequent to trial, indicating that she had a hearing impairment that would affect her testimony and that this fact was called to counsels' attention before trial, is of no consequence in this case.

Affirmed.