PEOPLE v HUNTER

Docket No. 74913. Submitted January 16, 1985, at Detroit.—Decided March 4, 1985. Leave to appeal applied for.

Willie J. Hunter was convicted of first-degree criminal sexual conduct, assault with intent to murder, felony-firearm, and larceny from a person, Recorder's Court of Detroit, Donald L. Hobson, J. Defendant appealed, alleging ineffective assistance of counsel, error in warning alibi witnesses of the penalty for perjury, error in sentencing, and error in the admission of certain expert testimony. *Held:*

1. The introduction by defense counsel of evidence of the defendant's prior criminal record was a matter of trial strategy and, therefore, will not support the claim of ineffective assistance of counsel.

2. Defense counsel's failure to object to the admission of blood type tests for identification of the defendant was not serious error. Even if the admission of the evidence was error, it was harmless because the victim had known the defendant before the assault and positively identified him.

3. Defense counsel's failure to subpoena the alibi witnesses in advance of trial did not deny defendant effective assistance of counsel where the witnesses did, in fact, testify.

4. The trial court did not err by warning the alibi witnesses

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 21A Am Jur 2d, Criminal Law § 985.

Adequacy of defense counsel's representation of criminal client regarding prior conviction. 14 ALR4th 227.

Modern status of rules and standards in state courts as to adequacy of defense counsel's representation of criminal client. 2 ALR4th 27.

[3] 21A Am Jur 2d, Criminal Law § 984.

[5] 5 Am Jur 2d, Appeal and Error § 806.

30 Am Jur 2d, Evidence § 1104.

Admissibility, weight, and sufficiency of bloodgrouping tests in criminal cases. 2 ALR4th 500.

[6] 75 Am Jur 2d, Trial § 113.

[7] 21 Am Jur 2d, Criminal Law §§ 552, 554.

79 Am Jur 2d, Weapons and Firearms § 22.

[8] 40 Am Jur 2d, Homicide § 569.

of the penalty for perjury. The witnesses were not intimidated into refusing to testify and did, in fact, voluntarily agree to testify.

5. The defendant was convicted of felony-firearm only in connection with the commission of first-degree criminal sexual conduct. However, the two-year mandatory felony-firearm sentence was imposed to be served consecutively to all three felony sentences. This was error. The felony-firearm sentence may be imposed consecutively only to the sentence for the underlying offense to which the felony-firearm conviction relates.

6. The trial court did not err in admitting expert testimony regarding the nature and extent of the victim's injuries.

Affirmed, but remanded for resentencing.

1. APPEAL — CRIMINAL LAW — ASSISTANCE OF COUNSEL.

Generally, a motion for a new trial is a prerequisite to appellate review of a claim of ineffective assistance of counsel; however, the absence of a motion for a new trial or an evidentiary hearing is not fatal to appellate review where the details relating to the alleged deficiencies of defendant's trial counsel are sufficiently contained in the record to permit the appellate court to reach and decide the issue.

2. CRIMINAL LAW — ASSISTANCE OF COUNSEL.

Ineffective assistance of counsel may be shown where defense counsel failed to perform at least as well as a lawyer with ordinary skills and training in the criminal law, conscientiously protecting his client's interests undeflected by conflicting considerations, or where he made a serious mistake but for which the defendant would have had a reasonably likely chance of acquittal.

3. CRIMINAL LAW — ASSISTANCE OF COUNSEL — BURDEN OF PROOF.

Effective representation of a defendant is presumed; the burden of proving ineffective assistance of counsel is on the defendant.

4. CRIMINAL LAW — PRIOR CRIMINAL RECORD — TRIAL TACTICS — ASSISTANCE OF COUNSEL.

The intentional introduction into evidence by defense counsel of a defendant's prior criminal record does not constitute a serious mistake of counsel depriving the defendant of a fair trial or of effective assistance of counsel where the record was introduced as a trial tactic.

5. CRIMINAL LAW — EVIDENCE — BLOOD TYPE — IDENTIFICATION OF DEFENDANT — HARMLESS ERROR.

Admission of blood type evidence for identification purposes in a

prosecution for criminal sexual conduct, even where such admission is erroneous, is harmless error where the victim had a sufficient opportunity to observe the defendant at the time of the offense and has positively identified the defendant at trial.

6. WITNESSES — ALIBI WITNESSES — INTIMIDATION OF WITNESS.

A trial court's warning to an alibi witness that there is a penalty for perjury did not create error where the witness, after being so warned, voluntarily agreed to testify.

7. CRIMINAL LAW — FELONY-FIREARM — SENTENCING.

A sentence for felony-firearm is to be served prior to and consecutively with any prison term imposed for the felony upon which the felony-firearm conviction is based, and not consecutively with any other sentences which may be imposed for related felony convictions arising from the same criminal episode but which felonies were not found to have been committed while armed with a firearm (MCL 750.227b; MSA 28.424[2]).

8. ASSAULT AND BATTERY — ASSAULT WITH INTENT TO MURDER.

A conviction of assault with intent to commit murder requires proof that the defendant tried to physically injure another person, that the defendant had the present ability to cause an injury, and that at the time of the assault the defendant intended to kill the victim, under circumstances that did not justify, excuse or mitigate the crime.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Curtis W. Smith,* Assistant Prosecuting Attorney, for the people.

*Elizabeth L. Jacobs,* for defendant on appeal.

Before: CYNAR, P.J., and BEASLEY and R. E. ROBINSON,* JJ.

BEASLEY, J. In a bench trial, defendant, Willie Jeffrey Hunter, was convicted of criminal sexual conduct, first degree, in violation of MCL 750.520b; MSA 28.788(2), assault with intent to murder, in

* Former circuit judge, sitting on the Court of Appeals by assignment.

violation of MCL 750.83; MSA 28.278, and felony-firearm, in violation of MCL 750.227b; MSA 28.424(2). In addition, with respect to an armed robbery charge, defendant was convicted of the lesser included offense of larceny from a person, in violation of MCL 750.357; MSA 28.589.

Defendant was sentenced to serve not less than 25 years nor more than 40 years in prison on the criminal sexual conduct, first degree, conviction, not less than 30 nor more than 50 years in prison on the assault with intent to murder conviction, not less than 6 nor more than 10 years in prison on the larceny from a person conviction, and the mandatory two years on the felony-firearm conviction. Defendant appeals as of right, raising four issues.

First, defendant claims he was denied the effective assistance of counsel. Generally, a motion for a new trial is a prerequisite to appellate review of a claim of ineffective assistance of counsel.[1] However, in *People v Cicotte,*[2] we relaxed this rule to hold that the absence of a motion for new trial or an evidentiary hearing is not fatal to appellate review where the details relating to the alleged deficiencies of the defendant's trial counsel are sufficiently contained in the record to permit the appellate court to reach and decide the issue. Since, in the instant case, defendant did not make a motion for new trial, we limit our review of defendant's appellate claims to the present record.

Defendant's argument that he was denied the effective assistance of counsel is based upon three alleged errors by his trial counsel. For convenience, after detailing the applicable standard for effective assistance claims, each of the alleged

[1] *People v Lawson,* 124 Mich App 371; 335 NW2d 43 (1983).

[2] 133 Mich App 630; 349 NW2d 167 (1984).

errors will be dealt with separately, as was done by the parties.

The Michigan courts recognize a two-pronged test in assessing ineffective assistance of counsel claims.[3] The first branch of the inquiry focuses on the Sixth Amendment right to counsel and requires that defense counsel perform at least as well as a lawyer with ordinary skills and training in the criminal law and must conscientiously protect his client's interest undeflected by conflicting considerations. Second, ineffectiveness of counsel may also be shown where defense counsel makes a serious mistake but for which defendant would have had a reasonably likely chance of acquittal.[4] In this connection, we presume trial counsel afforded his client effective representation.[5] The burden of proving ineffectiveness of counsel is on the defendant.[6]

In *Strickland v Washington*,[7] the United States Supreme Court held that when a convicted defendant claims under the Sixth Amendment that counsel's assistance was so defective as to require reversal, he must establish the following: (1) that counsel's performance was deficient, a performance inquiry to determine whether counsel's assistance was reasonable considering all the circumstances; and (2) that the deficient performance prejudiced the defense, that there is a reasonable probability that, absent the error, the fact finder would have had a reasonable doubt respecting guilt. The Court further held that, under the Sixth Amendment, "the benchmark for judging any

[3] *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976), *reh den* 399 Mich 1041 (1977).

[4] *People v Degraffenreid,* 19 Mich App 702; 173 NW2d 317 (1969).

[5] *People v Tranchida,* 131 Mich App 446; 346 NW2d 338 (1984).

[6] *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973).

[7] — US —; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result".[8] The reasonableness of counsel's challenged conduct must be judged based upon the facts of the particular case, viewed at the time of counsel's conduct.

On appeal, defendant argues that the introduction into evidence of the fact of defendant's previous conviction of a felony denied him the effective assistance of counsel. It is not unusual for defense counsel to slip into a trial, at a presumably inauspicious time, the fact of a defendant's previous conviction. The accepted strategy is that the trial judge will let it in anyway, that it is better brought in by defense counsel than by the prosecutor, and that defense counsel can limit its impact by the manner and time of bringing it in.

We are reluctant to substitute our judgment for that of trial counsel in matters of trial strategy.[9] In *People v Armstrong*,[10] we held, in response to a claim of ineffective assistance of counsel based on the intentional introduction at trial of defendant's prior criminal history by defense counsel, that:

> "Even the intentional introduction by defense counsel of a prior criminal record does not constitute a serious mistake of counsel depriving defendant of a fair trial or of effective assistance of counsel where the record was introduced as a trial tactic. *People v Karasek*, 63 Mich App 706; 234 NW2d 761 (1975)."

In the within case, the introduction by defense counsel of evidence of defendant's prior conviction

---

[8] *Id.*, 80 L Ed 2d 692-693.

[9] *People v Lotter*, 103 Mich App 386; 302 NW2d 879 (1981), *lv den* 412 Mich 852 (1981).

[10] 100 Mich App 423, 426; 298 NW2d 752 (1980), *lv den* 412 Mich 865 (1981).

was a matter relating to trial strategy and, as such, will not support a claim of ineffective assistance of counsel.[11]

Defendant also argues that it was ineffective assistance of counsel to fail to object to the introduction of serological evidence regarding blood types. There is a conflict in this Court concerning the admissibility of blood type evidence used solely for inclusory purposes.[12] In the present case, however, even if it was an error to permit the admission of such evidence, the error must be considered harmless beyond a reasonable doubt.[13] Generally, harmless error has been found where the victim has positively identified the defendant and had a sufficient opportunity to observe him at the time of the attack.[14] The complainant herein had known defendant for several months prior to the attack and had ample opportunity to observe defendant during the attack and positively identified him to the police. Complainant's testimony, if beleived, is sufficient evidence to convict. Thus, any error injected into defendant's trial by the admission of the blood type evidence was harmless beyond a reasonable doubt and, thus, defense counsel's failure to object cannot be considered a serious error.

Defendant next contends that he was denied the effective assistance of counsel by his attorney's failure to subpoena defendant's alibi witnesses in advance of trial. Defendant argues that his trial counsel's failure to subpoena his alibi witnesses

---

[11] *Strickland v Washington, supra.*

[12] Compare *People v Sturdivant,* 91 Mich App 128; 283 NW2d 669 (1979), *lv den* 407 Mich 933 (1979), with *People v Horton,* 99 Mich App 40; 297 NW2d 857 (1980), *vacated and remanded on other grounds* 410 Mich 865 (1980), and *People v White,* 102 Mich App 156; 301 NW2d 837 (1980). See also, *People v McMillen,* 126 Mich App 211; 336 NW2d 895 (1983).

[13] *People v Sturdivant, supra,* p 134.

[14] *People v Baker,* 114 Mich App 524; 319 NW2d 597 (1982); *People v McMillen, supra,* p 218.

prior to trial and then his trial counsel's consent to their arrest to bring them to court denied him the effective assistance of counsel and was a serious mistake which affected the outcome of the trial. Defendant's entire argument in this connection, that such actions by his attorney amounted to ineffective assistance of counsel, borders upon the ridiculous where, as here, the witnesses did testify.

Second, defendant claims that the trial court denied him a fair trial by warning two of his alibi witnesses that there was a penalty for perjury. Relying primarily on *Webb v Texas*,[15] defendant argues that the arrest of his alibi witnesses to compel their attendance, coupled with the court's warning about perjury, served to intimidate the witnesses and denied him a fair trial.

In *Webb,* after the trial court singled out the only potential defense witness and, in strong and treatening terms, warned him that he would be prosecuted for perjury if he lied while testifying, that witness refused to testify. Nothing analogous to the extraordinary circumstances on which *Webb* was based is present here. Even after the witnesses were informed that there was a penalty for perjury, they voluntarily agreed to testify. No witness was singled out by the trial judge and threatened so that he was effectively driven off the witness stand.[16] Thus, under the facts of this case, no error occurred.

Third, defendant claims that the trial court erred in ordering that defendant's sentences on his assault with intent to commit murder and larceny from a person convictions should run consecutively to his sentence for felony-firearm. At defendant's sentencing, the trial judge imposed a mandatory

---

[15] 409 US 95; 93 S Ct 351; 34 L Ed 2d 330 (1972).

[16] *People v Jackson,* 114 Mich App 649; 319 NW2d 613 (1982), *lv granted* 417 Mich 885 (1983).

two-year term on defendant for his conviction for felony-firearm and ordered that defendant was to serve the mandatory two-year sentence prior to all other sentences given. Yet, defendant was convicted of felony-firearm only in connection with his commission of the offense of criminal sexual conduct, first degree.

The trial judge specifically found that defendant had not been armed when he committed the offenses of assualt with intent to murder and larceny from a person. Under MCL 750.227b; MSA 28.424(2), the Legislature ordered that the mandatory two-year prison term for felony-firearm be served prior to and consecutively with any term of imprisonment imposed for the felony. In this case, the mandatory two-year term was ordered to run prior to all other sentences, including those sentences given for offenses during which defendant did not use a firearm. Under a clear reading of the statute, it was an error to order that the sentences not underlying the possession of a firearm conviction run consecutively.[17] Thus, the case must be remanded for resentencing.

Last, defendant claims that it was reversible error for the trial court to admit expert testimony that an examination of the complainant was consistent with forceable entry into the vagina and on the condition of complainant when she was brought to the hospital.

In this case, the examining physician testified that he performed a formal sexual assault examination on complainant and found evidence of trauma in the genital area. In addition, the doctor testified that the trauma discovered was consistent with forcible entry into the vagina by either a penis or a blunt instrument. Such evidence was proper and did not invade the province of the jury.

---

[17] See *People v Sawyer,* 410 Mich 531; 302 NW2d 534 (1981).

The testimony did not violate the rules set forth in
*People v McGillen #2.*[18]

Defendant also argues that the trial judge erred
when he relied upon testimony that the complain-
ant would have died if she had not been treated in
finding that defendant was guilty of assault with
intent to commit murder. In order to be convicted
of assault with intent to commit murder, it must
be established beyond a reasonable doubt that the
defendant tried to physically injure another per-
son, that the defendant had the present ability to
cause an injury, and that at the time he commit-
ted the assault the defendant intended to kill the
complainant, under circumstances that did not
justify, excuse or mitigate the crime. Thus, it was
not error to admit the doctor's testimony.

Affirmed, but remanded for resentencing pursu-
ant to this opinion.

---

[18] 392 Mich 278; 220 NW2d 689 (1974).