PEOPLE v HARTLEY

Docket No. 92494. Submitted October 21, 1986, at Lansing. Decided September 15, 1987. In lieu of granting leave to appeal the judgment of the Court of Appeals is modified in part and remanded, 429 Mich 900.

Robert A. Hartley pled guilty in the Oakland Circuit Court to delivery of between 50 and 225 grams of cocaine and conspiracy to deliver between 50 and 225 grams of cocaine. In return for the guilty pleas, a separate charge of delivery of less than fifty grams of cocaine was dismissed. Prior to sentencing, a conference was held in chambers, between the prosecutor, defense counsel and the trial judge. The trial court, Alice L. Gilbert, J., indicated that she felt that defendant should be imprisoned. Defendant was not informed by his counsel of the trial court's indication. Defendant was thereafter sentenced to ten to twenty years imprisonment on each count. Defendant subsequently filed a motion to withdraw his guilty pleas, alleging that they were made involuntarily, having been induced by promises by his defense counsel that defendant's sentence would be probation. Defendant's motion was denied. Defendant's later motion for reconsideration, alleging that the pleas were involuntary and that defendant was denied effective assistance of counsel, was granted. Following a hearing, the motion to withdraw his guilty pleas was again denied. Defendant appealed.

The Court of Appeals held:

The defendant was denied effective assistance of counsel because defense counsel did not conscientiously protect defen-

REFERENCES

Am Jur 2d, Appeal and Error § 541.

When is attorney's representation of criminal defendant so deficient as to constitute denial of federal constitutional right to effective assistance of counsel—Supreme Court cases. 81 L Ed2d 1112.

Adequacy of defense counsel's representation of criminal client regarding guilty pleas. 10 ALR4th 8.

Waiver or estoppel in incompetent legal representation cases. 2 ALR4th 807.

Modern status of rules and standards in state courts as to adequacy of defense counsel's representation of criminal client. 2 ALR4th 27.

dant's interests. Defense counsel deprived defendant of being able to move to withdraw his guilty pleas at the earliest opportunity. Defense counsel's performance did not meet the standard of reasonableness under prevailing professional norms.

Reversed.

1. APPEAL — CRIMINAL LAW — GUILTY PLEAS — PRESERVING QUESTION.

A guilty plea does not waive a claim on appeal of ineffective assistance of counsel.

2. CRIMINAL LAW — ASSISTANCE OF COUNSEL.

The Sixth Amendment does not require any particular response by counsel to a problem that may arise; the Court of Appeals determines the reasonableness of counsel's challenged conduct, where ineffective assistance of counsel is alleged, upon the basis of the facts of the particular case viewed at the time of counsel's challenged conduct (US Const, Am VI).

3. CRIMINAL LAW — ASSISTANCE OF COUNSEL.

A defendant may be found to have been denied effective assistance of counsel where the conduct of defense counsel amounts to a failure to conscientiously protect the defendant's interests.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Graham K. Crabtree,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: J. B. SULLIVAN, P.J., and SHEPHERD and R. M. SHUSTER,* JJ.

PER CURIAM. Defendant appeals as of right from a circuit court order denying his motion to withdraw his guilty pleas.

### FACTS

Defendant was charged with delivery of between

---

* Circuit judge, sitting on the Court of Appeals by assignment.

50 and 225 grams of cocaine, MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii), and conspiracy to deliver between 50 and 225 grams of cocaine, MCL 750.157a; MSA 28.354(1). On May 17, 1984, defendant pled guilty to those two counts pursuant to an agreement with the prosecutor that, in return for defendant's guilty pleas, a separate charge of delivery of less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), would be dismissed. In taking defendant's pleas according to the procedures prescribed in MCR 6.101(F), the circuit judge asked defendant to explain his understanding of all of the promises made by any person to defendant in exchange for his guilty pleas. Defendant responded that the only promise made to him was that the charge of delivery of less than fifty grams of cocaine would be dismissed. Defendant's guilty pleas were accepted by the circuit judge, and sentencing was scheduled.

On June 7, 1984, the date scheduled for defendant's sentencing, the prosecutor, defense counsel and the circuit judge held a conference in chambers. The judge indicated that she felt defendant should be imprisoned. When later meeting with his client, defense counsel did not inform him of the judge's decision. Defendant's sentencing was, however, adjourned.

On September 13, 1984, defendant was sentenced to ten to twenty years imprisonment on each count.

On November 6, 1984, defendant subsequently filed a motion to withdraw his guilty pleas, alleging that they were made involuntarily, having been induced by promises by his defense counsel that the plea agreement with the prosecutor assured that defendant's sentence would be life pro-

bation. The circuit judge denied defendant's motion.

On December 26, 1984, defendant filed a motion for reconsideration of the court's order denying his motion to withdraw his guilty pleas. Defendant not only alleged that his pleas were involuntarily made, but that he was denied effective assistance of counsel. The circuit judge granted defendant's motion for reconsideration and ordered that an evidentiary hearing be held.

The hearing was held over several days in March and June, 1985, during which defendant and his defense counsel at the time his guilty pleas were taken, as well as other witnesses, testified. On May 7, 1986, the circuit judge filed her written opinion holding that defendant had failed to demonstrate that his guilty pleas were made involuntarily or that he had been denied effective assistance of counsel. Therefore, defendant's motion to withdraw his guilty pleas was again denied.

## ISSUE

Was defendant denied effective assistance of counsel when his defense counsel failed to advise him prior to sentencing that the circuit judge was not inclined to sentence him to probation?

## ANALYSIS

A guilty plea does not waive a claim on appeal of ineffective assistance of counsel. *People v Snyder*, 108 Mich App 754, 755-756; 310 NW2d 868 (1981). In reviewing defendant's claim in the present case, we note that the Sixth Amendment does not require any particular response by counsel to a problem that may arise, and there may be a wide range of professional assistance that is both reasonable and acceptable under the circumstances of a given case. See *Strickland v Washington*, 466 US

668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). We determine the reasonableness of counsel's challenged conduct based upon the facts of the particular case, viewed at the time of counsel's conduct. *People v Hunter,* 141 Mich App 225, 230; 367 NW2d 70 (1985).

Having reviewed the record in the present case, we find that defendant was denied effective assistance of counsel because defense counsel did not conscientiously protect defendant's interests. See *People v Garcia,* 398 Mich 250, 265; 247 NW2d 547 (1976), reh den 399 Mich 1041 (1977); *Hunter, supra,* p 229. Defendant had the right to be fully informed at every stage of the proceedings and should have been told in detail about what was discussed during the conference between counsel and the circuit judge. Defense counsel admitted that he did not tell defendant that the judge was not inclined to sentence defendant to probation. By not revealing such information to defendant, defense counsel deprived defendant of being able to move to withdraw his guilty pleas at the earliest opportunity. Such conduct by defense counsel amounts to a failure to conscientiously protect defendant's interests. Under these facts, we find that defense counsel's performance did not meet the standard of reasonableness under prevailing professional norms as required by *Garcia, supra,* and *Strickland, supra.*

### CONCLUSION

Based upon our finding that defendant was denied effective assistance of counsel, we find it unnecessary to address defendant's other claims on appeal.

We reverse the order denying defendant's motion to withdraw his guilty pleas and remand this case to the circuit court to allow defendant to withdraw his guilty pleas.